## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

SECUNDINO CASTANEDA                                    CIVIL ACTION

versus                                                NO. 07-5425

RICHARD L. STALDER, ET AL.                            SECTION: "I" (3)

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the respondent's motion for summary judgment be **GRANTED** and that petitioner's federal application be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Secundino Castenada, is a state prisoner incarcerated at the Dixon Correctional Institute, Jackson, Louisiana.  The record reflects that he was convicted in state court

---

[1]  Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

of armed robbery.  After serving a portion of the resulting sentence, he was released in 1995 "as if on parole" pursuant to La.Rev.Stat.Ann. § 15:571.5.  However, he was subsequently convicted of a felony drug offense in federal court, and his state parole was revoked.  On August 23, 2007, he filed the instant federal *habeas corpus* petition arguing that his state parole was wrongly revoked and, as a result, he is wrongfully imprisoned by the state authorities.[2]

The state has filed a motion for summary judgment,[3] which petitioner has opposed.[4] In reviewing a motion for summary judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant.  Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In the motion for summary judgment, the state argues that petitioner's application should be dismissed because he has not exhausted his state court remedies.  In his opposition, petitioner argues that that exhaustion is not required.[5]  He is incorrect.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts.  The United States Fifth Circuit Court of Appeals has held:

---

[2] Rec. Doc. 3.

[3] Rec. Doc. 9.

[4] Rec. Doc. 11.

[5] Rec. Doc. 11, p. 2, ¶ 4.

> [A] claim is not exhausted unless the habeas petitioner provides the
> *highest state court* with a "fair opportunity to pass upon the claim,"
> which in turn requires that the applicant "present his claims before
> the state courts in a procedurally proper manner according to the
> rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702

(5th Cir. 1988)) (emphasis added).  Because petitioner has not yet presented his instant claims

challenging the revocation of his parole to the state's highest court, the Louisiana Supreme Court,

and thereby given that court a "fair opportunity" to pass upon those claims, the instant petition

should be dismissed based on his failure to exhaust his state court remedies.[6]

---

[6] The Court notes that petitioner indicated that he was filing his *habeas corpus* application pursuant to 28 U.S.C. § 2254. Out of an abundance of caution, the Court further notes that there is conflicting jurisprudence on the issue of whether claims challenging parole revocations are properly brought under § 2254. State prisoners may, depending on the particular circumstances, bring federal *habeas* claims under either 28 U.S.C. §§ 2241 or 2254. Pursuant to § 2241, prisoners may bring in federal district court claims that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(2). Section 2254 provides authority for district courts to entertain *habeas* claims brought by persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The weight of authority suggests that federal *habeas* petitions challenging parole revocations are properly brought under § 2254. See, e.g., Carmona v. Andrews, 357 F.3d 535 (5th Cir. 2004); Morrison v. Johnson, 106 F.3d 127 (5th Cir. 1997); Newby v. Johnson, 81 F.3d 567 (5th Cir. 1996); Davis v. Conn, No. 3-07-CV-1141-N, 2007 WL 2428935, at *2 (N.D. Tex. Aug. 27, 2007); Hardemon v. Quarterman, No. 3:06-CV-1630-N ECF, 2006 WL 3372525 (N.D. Tex. Nov. 17, 2006); Hardemon v. Board of Pardon and Paroles, No. 3-06-CV-478-B, 2006 WL 2504002, at *3 (N.D. Tex. Aug. 28, 2006); Daniel v. Cockrell, No. Civ. A. 402CV852Y, 2003 WL 292129 (N.D. Tex. Feb. 4, 2003); Hamilton v. Cockrell, No. Civ. A. 3:02-CV-1685-L, 2002 WL 31415978 (N.D. Tex. Oct. 17, 2002) . However, there is other jurisprudence which holds that such challenges more properly fall within § 2241. See, e.g., Scott v. Travis, Civ. Action No. 07-4150, 2008 WL 161716, at *1 (E.D. La. Jan. 11, 2008); Bailey v. Hubert, Civ. Action No. 05-4972, 2007 WL 1805065, at *4 (E.D. La. June 19, 2007); Bernard v. Hunter, Civ. Action No. 04-3491, 2006 WL 2506140, at * 2 (E.D. La. Aug. 29, 2006); Batiste v. State of Louisiana Board of Pardon and Parole, Civ. Action No. 98-2543, 1999 WL 102027 (E.D. La. Feb. 25, 1999).

  Nevertheless, the Court need not try to resolve that apparent conflict in this proceeding. Even if the instant petition were construed as a § 2241 petition, the result here would be the same. The United States Fifth Circuit Court of Appeals has held that jurisprudence clearly imposes a similar exhaustion requirement on persons bringing claims under § 2241. Dickerson v. Louisiana,

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the motion for summary judgment be **GRANTED** and that the petition for federal *habeas corpus* relief filed by Secundino Castaneda be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-eighth day of February, 2008.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

816 F.2d 220, 225 (5th Cir. 1987); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995).